JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| SEATTLE CITY CENTERS ROYAL SPRINGS ASSOCIATES LLC,<br><br>Plaintiff<br><br>v.<br><br>HECTOR PEREZ-GIL, ET. AL.,<br><br>Defendant(s). | CASE NUMBER:<br><br>EDCV 15-00514-ODW (KKx)<br><br>**ORDER REMANDING CASE TO STATE COURT** |
|---|---|

The Court sua sponte **REMANDS** this action to the California Superior Court for the County of  Riverside  for lack of subject matter jurisdiction, as set forth below.

"The right of removal is entirely a creature of statute and 'a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress.'" Syngenta Crop Protection, Inc. v. Henson, 537 U.S. 28, 32 (2002) (quoting Great Northern R. Co. v. Alexander, 246 U.S. 276, 280 (1918)).  Where Congress has acted to create a right of removal, those statutes are strictly construed against removal jurisdiction.  Id.; Nevada v. Bank of America Corp., 672 F.3d 661, 667 (9th Cir. 2012); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

Unless otherwise expressly provided by Congress, a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a); Dennis v. Hart, 724 F.3d 1249, 1252 (9th Cir. 2013).  The removing defendant bears the burden of establishing federal jurisdiction.  Abrego Abrego v.

1  Dow Chemical Co., 443 F.3d 676, 682 (9th Cir. 2006); Gaus, 980 F.2d at 566-67.  "Under the plain
2  terms of § 1441(a), in order properly to remove [an] action pursuant to that provision, [the
3  removing defendant] must demonstrate that original subject-matter jurisdiction lies in the federal
4  courts."  Syngenta Crop Protection, 537 U.S. at 33.  Failure to do so requires that the case be
5  remanded, as "[s]ubject matter jurisdiction may not be waived, and . . . the district court must
6  remand if it lacks jurisdiction."  Kelton Arms Condo. Owners Ass'n v. Homestead Ins. Co., 346
7  F.3d 1190, 1192 (9th Cir. 2003).  "If at any time before final judgment it appears that the district
8  court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  It is
9  "elementary that the subject matter jurisdiction of the district court is not a waivable matter and
10 may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or *sua
11 sponte* by the trial or reviewing court."  Emrich v. Touche Ross & Co., 846 F.2d 1190, 1194 n.2
12 (9th Cir. 1988).

From a review of the Notice of Removal and the state court records provided, it is evident that the Court lacks subject matter jurisdiction over the instant case, for the following reasons.

☑ No basis for federal question jurisdiction has been identified:

  ☑ The Complaint does not include any claim "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

  ☑ Removing defendant(s) asserts that the affirmative defenses at issue give rise to federal question jurisdiction, but "the existence of federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims."  ARCO Envtl. Remediation, L.L.C. v. Dept. of Health and Envtl. Quality, 213 F.3d 1108, 1113 (9th Cir. 2000).  An "affirmative defense based on federal law" does not "render[] an action brought in state court removable."  Berg v. Leason, 32 F.3d 422, 426 (9th Cir. 1994).  A "case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case."  Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 14 (1983).

  ☑ The underlying action is an unlawful detainer proceeding, arising under and governed by the laws of the State of California.

☑ Diversity jurisdiction is lacking:

  ☑ Every defendant is not alleged to be diverse from every plaintiff. 28 U.S.C. § 1332(a).

  ☑ The Complaint does not allege damages in excess of $75,000, and removing defendant(s) has not shown, by a preponderance of the evidence, that the amount in controversy requirement has been met. Id.; Abrego Abrego, 443 F.3d at 683.

  ☑ The underlying unlawful detainer action is a limited civil action that does not exceed $25,000.

IT IS THEREFORE ORDERED that this matter be, and hereby is, REMANDED to the Superior Court of California listed above, for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Date: March 20, 2015

_____
United States District Judge